## THE NO. 23.

### TIDE WATER OIL CO. v. BREWER DRY DOCK CO.

### BREWER DRY DOCK CO. v. TIDE WATER OIL CO.

Nos. 12101, 12267.

District Court, E. D. New York.

Nov. 4, 1931.

Emery & Pyne, of New York City (Vincent A. Catoggio, Jr., and Warner Pyne, both of New York City, of counsel), for libelant and cross-respondent.

Barry, Wainwright, Thacher & Symmers, of New York City (John C. Prizer and Paul L. Clugston, both of New York City, of counsel), for respondent and cross-libelant.

GALSTON, District Judge.

These causes by stipulation were tried together.

The libel of the Tide Water Oil Company seeks to recover from the Brewer Dry Dock Company for damages sustained by the Tide Water Oil Company barge No. 23 on March 1, 1930, while she was undergoing repairs at the Brewer Dry Dock, Mariners' Island, Staten Island.

The cross-libel seeks to recover for damages sustained by the dry dock.

The barge No. 23 was a wooden barge, 113 feet in length, 33 feet in width, and 10 feet 6 inches deep. She was used for carrying oil in bulk. There was no interior lining within the hull of the barge, except that there were wash bulkheads of wood, set up in the barge to prevent the cargo from shifting. The hull was oil-soaked and the color of the wood plainly indicated this condition.

The barge was sent over to the dry dock for repair work under the terms and specifications entered into by the parties.

Significant clauses of the specifications were the following:

"4. All tanks under alteration and/or repair shall be cleaned, and/or washed, and/or steamed out by the contractor as may be necessary before any work is done thereto; and the oil or water tightness of that portion

of the tanks affected shall be proven to the satisfaction of the Classification Society and the Owner, or his accredited representative."

"8. Without limiting by the provisions hereof any liability of the Contractor howsoever arising, it is understood that from the delivery of the vessel to the Contractor until its re-delivery to the Owner after completion of the work, or while the work hereunder is being performed, the contractor shall be responsible for and make good at the contractor's expense any and all losses, accidents, injuries and/or damages of any nature to the vessel and/or the vessel's equipment and/or its cargo and/or its movable stores, occurring through any act or default or neglect of the contractor and/or any of the contractor's agents or employees and/or which by the exercise of reasonable care he could have prevented."

The barge was delivered to the dry dock on February 25, 1930, and on the following day work was begun. In the performance of this work it was necessary to cut edge bolts in the planking on the starboard side between the second and third planks from the deck and about twenty feet from the stern. The contractor elected to use an acetylene torch to accomplish that work, and in the performance thereof the barge caught fire.

The torch was used from the outside, the flames being directed somewhat toward the interior of the hull. Some of these sparks, as was admitted by the assistant carpenter foreman of the contractor, entered the interior of the hull, and though a fire guard was stationed outside of the hull and alongside of the man using the acetylene torch, there was no fire guard stationed within the hull and no precaution taken to catch such sparks as entered the hull.

Such being the bare facts; and the contract and circumstances being substantially on all fours with Olsen Water & Towing Co. v. U. S. (C. C. A.) 21 F.(2d) 304, the Brewer Dry Dock Company must be held responsible for the fire which was caused.

The only negligence proved was that of the contractor.

I see nothing in the case to connect the Tide Water Oil Company with fault. The Brewer Dry Dock Company endeavors to ascribe negligence to the Tide Water Oil Company, because it issued on February 21, 1930, a so-called "gas free" certificate covering barge No. 23, wherein it was stated: "Safe for men and fire."

The convincing evidence is that before the No. 23 was sent to the dry dock, it had been carefully cleaned by employees of the Tide Water Oil Company and samples of the atmosphere taken and analyzed by its chemist. I cannot see that such a certificate relieved the contractor from the obligations of the specifications which called upon him to clean the tanks. The price paid under the contract included that service. There was no effort made by the Tide Water Oil people, nor was it to their interest, to have the Brewer Dry Dock Company rely on the cleaning operations or on the certificate. At any rate, there is nothing in the record to show that interest. It may be that time was a consideration and that the sooner the repair job was finished; the earlier the delivery of the boat for operations. Be that as it may, the contractor was not freed from his obligation to do what he assumed to do, for there is no proof of a modification of the contract. International Mercantile Marine Co. v. W. & A. Fletcher Co. (C. C. A.) 296 F. 855.

The Tide Water Oil Company may have a decree in accordance with this opinion, sustaining its libel. The cross-libel of the Brewer Dry Dock Company will be dismissed.

If this opinion is not in sufficient compliance with the rule requiring findings of fact and conclusions of law, submit findings of fact and conclusions of law in accordance therewith.

Settle decree on notice.